UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AHMAD RAHEEM PRICE,<br>          Plaintiff,<br>    v.<br>K. CLIFTON, et al.,<br>          Defendants. | Case No. 2:21-cv-06884-JLS (GJS)<br><br>**ORDER DISMISSING ACTION WITHOUT PREJUDICE** |

On August 23, 2021, Plaintiff filed a pro se complaint under 42 U.S.C. § 1983 [Dkt. 1]. Plaintiff did not pay the filing fee for this action, nor did he submit a request to proceed without prepayment of the filing fee. Instead, with his Complaint, Plaintiff submitted a document in which he claimed to be "exempt" from owing any fees, taxes, fines, and debts and, citing the Uniform Commercial Code and a 1933 House Joint Resolution, stated that he would "allow" the "use of [his] exemption" to be exchanged to discharge the filing fee for this case. [*See* Dkt. 2.]

On August 27, 2021, United States Magistrate Judge Gail J. Standish issued two Orders. In one, she advised Plaintiff that the Complaint is subject to the Court's screening obligations under 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c)(1), that the Complaint was in the process of being screened, and that he was not permitted to

proceed with process until screening was concluded. [Dkt. 5.] In the other, she addressed Plaintiff's contention that he is exempt from paying the filing fee and advised him as follows:

> Plaintiff's assertion that he is exempt from paying the filing fee is contrary to law. As a prisoner within the meaning of the PLRA, Plaintiff may either pay the filing fee or request leave to proceed without prepayment of the full filing fee by demonstrating his indigency and complying with all of the requirements of 28 U.S.C. § 1915(a). Even if he is granted such leave, however, Plaintiff still is required to pay the full filing fee over time. Plaintiff is not exempt from paying the filing fee if he wishes to pursue this case, and his assertion otherwise is frivolous. . . .
>
> If Plaintiff wishes for this action to proceed, he must either pay the full filing fee or submit a Form CV-60P Request to Proceed Without Prepayment of Filing Fees With Declaration in Support Thereof, along with the certified trust fund account statement required by 28 U.S.C. § 1915(a)(2). Plaintiff must do so by no later than September 22, 2021. If Plaintiff does not do so, the Court will recommend that this action be dismissed without prejudice.

Judge Standish also directed the Clerk's Office to send Plaintiff Form CV-60P, which occurred. [Dkt. 6, the "August 27 Order."]

On September 10, 2021, the Clerk's Office received a document from Plaintiff, which was docketed on September 17, 2021. [Dkt. 7, "Notice."] The Notice advised of Plaintiff's change of address and his concern that he might not have signed the Complaint. On September 24, 2021, Judge Standish issued an Order in response, in which she stated:

> Plaintiff is advised that, in violation of Fed. R. Civ. P. 11(a), he failed to sign the Complaint filed on August 23, 2021 [Dkt. 1], as well as the two other documents he filed on that date [Dkts. 2-3].
>
> Given the timing of the Notice, the Court questions whether Plaintiff has received the Court's Orders of

> August 27, 2021 [Dkts. 5-6], which denied Dockets 2 and 3. The Court's two Orders were mailed to Plaintiff's then current docket address of record, and it appears that Plaintiff may have been in transit shortly thereafter.
>
> Accordingly, the Clerk is directed to attach to this Order copies of the Complaint [Dkt. 1] and the Court's August 27, 2021 Orders [Dkts. 5-6]. The Court sua sponte extends Plaintiff's deadline for compliance imposed by Docket 6 to October 13, 2021. By that same deadline, Plaintiff must submit a signed signature page for his Complaint if he wishes this action to proceed. As before, the failure to comply with Docket 6 and this Order may result in the dismissal of this action.

[Dkt. 8, "September 24 Order."]

The October 13, 2021 deadline passed over a month ago, and Plaintiff has neither complied with Judge Standish's August 27 Order and September 24 Order nor otherwise communicated with the Court. The Complaint remains unsigned, in violation of Fed. R. Civ. P. 11(a), and Plaintiff has neither paid the filing fee nor submitted a request to proceed without prepayment of the filing fee and all related, required documents under 28 U.S.C. § 1915(a). As a result, this case remains stalled and cannot proceed.

Both the August 27 Order and the September 24 Order warned Plaintiff that this case would be dismissed if he did not take the steps ordered, which must occur for this case to move forward. He has had ample time to do so and ample warning, yet he has failed to take any action. The Court, therefore, assumes that Plaintiff no longer wishes to pursue this case and that this action may be dismissed.

Accordingly, IT IS ORDERED that this case is dismissed without prejudice.

**IT IS SO ORDERED.**

DATED: November 16, 2021            ___JOSEPHINE L. STATON___
                                    JOSEPHINE L. STATON
                                    UNITED STATES DISTRICT JUDGE

Presented by:

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE